**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————————

**No. 99-4913**

—————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KARMALITHA HATCHER, a/k/a KK,

Defendant - Appellant.

—————————————

**No. 00-4082**

—————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ORLANDO ANDERSON, a/k/a Scottie,

Defendant - Appellant.

—————————————

Appeals from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge.  (CR-99-105)

—————————————

Submitted:  May 25, 2000                Decided:  June 2, 2000

—————————————

Before WILLIAMS, MICHAEL, and KING,[*] Circuit Judges.

—————————————

Affirmed by unpublished per curiam opinion.

—————————————

Matthew A. Victor, Charleston, West Virginia; George A. Mills, III, Huntington, West Virginia, for Appellants. Rebecca A. Betts, United States Attorney, Lisa A. Green, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

—————————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

—————————————

[*] Judge King did not participate in consideration of this case. The opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

2

PER CURIAM:

Karmalitha Hatcher and Orlando Anderson appeal their sentences imposed after their guilty pleas. Hatcher pled guilty to interstate travel with intent to promote the distribution and the possession with intent to distribute cocaine. Anderson pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base. Both Appellants assert that only powder cocaine amounts are properly attributed to them in the calculation of their sentences and that the district court, therefore, erred in converting the amounts of cocaine powder attributable to each into the equivalent amount of crack cocaine. Anderson also challenges the district court's failure to grant him a three-point offense level reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (1999).

We have reviewed the briefs and the joint appendix and find no reversible error. The district court's factual findings were not clearly erroneous, and the court's determinations of credibility will not be disturbed on appeal. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987). Accordingly, we affirm on the reasoning of the district court. (J.A. at 143-45, 259-61). We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3